**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)                            *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JENEEN BENTON,** | : | Civil Action No. |
| 1657 N 62nd Street | : | |
| Philadelphia, PA 19151 | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **AMERICAN AIRLINES, INC.,** | : | |
| 8000 Essington Avenue | : | |
| Philadelphia, PA 19153 | : | |
| | : | |
| 1 Skyview Drive | : | |
| Fort Worth, TX 76155 | : | |
|     Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Jeneen Benton (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against American Airlines, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), Philadelphia Fair Practices Ordinance ("PFPO") and the Family and Medical Leave Act of 1993 ("FMLA").  In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, American Airlines, Inc. is a major airline with a location at 8000 Essington Avenue, Philadelphia, PA 19153 and with corporate headquarters located at 1 Skyview Drive, Fort Worth, TX 76155.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year relevant to the matter at issue.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus

satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted her administrative remedies under Title VII, the ADA, PHRA and the PFPO.

15. On or about April 24, 2023, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race, religious, and disability discrimination and retaliation against Defendant.

16. The Charge was assigned a Charge Number 530-2023-04703 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request

relative to the Charge and that Notice is dated May 9, 2025.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and more than one year after filing, but within two (2) years of the issuance of the Right to Sue in this matter, as it relates to her PHRA and PFPO claims.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff is a Black, Muslim female.

23. On or about February 28, 2005, Defendant hired Plaintiff in the position of Fleet Service Agent.

24. Plaintiff was well qualified for her position and performed well.

25. In or around June 2007, Plaintiff became a Tower Planner.

26. Plaintiff was well qualified for her position and performed well.

27. On or about June 28, 2016, Plaintiff went out on approved Family and Medical Leave Act ("FMLA") leave due to her disabilities of Major Depressive Disorder ("MDD") and Generalized Anxiety Disorder ("GAD").

28. Both MDD and GAD are serious health conditions that are considered to be disabilities under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").

29. Plaintiff's major life activities affected by MDD and GAD, include, *inter alia*, concentrating, communicating, sleeping, caring for one's self and working.

30. In or around September 2016, Plaintiff returned to work following her approved FMLA leave.

31. In or around 2019, Plaintiff applied for FMLA leave again in order to provide care for her sick mother for approximately six (6) months.

32. Upon returning from her FMLA leave, Defendant demoted Plaintiff from Supervisor to Planner for no legitimate business reason.

33. This demotion was retaliatory.

34. In or around April 2022, Plaintiff requested a religious accommodation in order to be able to pray at work via email to Defendant's Human Resources Department.

35. Defendant took over thirty (30) days to respond to the request.

36. Plaintiff complained of the length of time it took for Defendant to respond to her request to Dave Gomez, MOD Manager.

37. Because of this, Gomez referred to Plaintiff as the "angry black woman of the tower" or words to that effect.

38. Gomez also threatened to terminate Plaintiff the same month she submitted her religious accommodation request.

39. Plaintiff complained to DJ Westbrock, Director, of Gomez's discriminatory threats.

40. Westbrock simply stated that Gomez could not terminate her and refused to address the complaint further.

41. In or around May 2022, Joan Wing, MOD Manager, and Phillip Moore, MOD Manager, called Plaintiff into a meeting and suspended her for allegedly "stealing five minutes of work time" or words to that effect.

42. Plaintiff attempted to explain that she had mistakenly marked clock in time instead of flex time for her days off in Defendant's system, but her managers refused to acknowledge this.

43. Defendant suspended Plaintiff for two (2) weeks.

44. Defendant contacted Plaintiff to interview her during her suspension.

45. Wing and Moore questioned her.

46. When questioned, Plaintiff reiterated the truth.

47. Shortly after the interview, Wing called Plaintiff and terminated her.

48. Upon information and belief, 300 other employees at Defendant had done the same and were not terminated for such.

49. Therefore, Plaintiff filed a grievance through her union.

50. As a result, she entered into a Last Chance Agreement ("LCA").

51. As part of the LCA, Plaintiff was reinstated with the following condition: no call outs or tardiness for twenty-four months.

52. She was set to return to work on September 12, 2022.

53. Plaintiff returned to work that date.

54. In or around October 2022, Plaintiff learned that her father was expected to only live for a short period of time – approximately two (2) weeks.

55. Plaintiff called Greg Davis, MOD Manager, and requested a leave of absence to provide care for her father.

56. Davis denied this leave, stating that no employees could take off the upcoming weekend due to increased travel.

57. Through her union, Plaintiff was granted a day off, as her coworker covered her shift.

58. Days later, Plaintiff's Union Representative met with Westbrock, who granted Plaintiff thirty (30) days of unpaid personal leave.

59. After her father died, Westbrock granted an additional thirty (30) days off to Plaintiff.

60. On or about December 24, 2022, Plaintiff returned to work.

61. On or about December 28, 2022, Plaintiff took three (3) days of bereavement leave, per Defendant's policy.

62. Plaintiff sent in an obituary and death certificate to account for this absence but Westbrock informed Plaintiff that the administration denied her leave request, or words to that effect.

63. Specifically, Westbrock stated that he had already given Plaintiff time off, even though she did not use her bereavement days for this time off, but her unpaid personal leave instead.

64. Westbrock also stated that policy was bereavement leave must be taken within thirty (30) days of the death.

65. As such, Westbrock classified Plaintiff's days off as Unauthorized Time Off.

66. Plaintiff received three (3) attendance points for this.

67. Per company policy, she was only allowed two (2) attendance points.

68. On or about January 8, 2023, Plaintiff scheduled a meeting with Tracey McLaren, Human Resources Representative, to complain about Westbrock's discriminatory treatment.

69. The meeting was scheduled for January 10, 2023.

70. However, on or about January 9, 2023, Westbrock and Wing called Plaintiff into a meeting and suspended her for her attendance points.

71. As such, the January 10, 2023, meeting did not occur.

72. Then, on or about January 11, 2023, Westbrock scheduled as in person meeting with Plaintiff.

73. At this meeting, Westbrock terminated Plaintiff due to her attendance points.

74. Upon information and belief, several Caucasian employees at Defendant had used extra time for bereavement and were not terminated for this.

75. In addition, several Caucasian employees took extended time off to care for their sick children without issue.

76. Defendant discriminated against Plaintiff due to her disability, race and religion and had retaliated against Plaintiff for engaging in protected activity in violation of Title VII, the ADA, the PHRA, the PFPO and the FMLA.

77. Defendant's conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

### COUNT I – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

78. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

79. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

80. Plaintiff was qualified to perform the job.

81. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

82. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

83. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

84. Plaintiff's disabilities motivated Defendant's decision to take adverse actions against Plaintiff.

85. The purported reason for Defendant's decision is pretextual.

86. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

87. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

88. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

89. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

90. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

91. Plaintiff is a "qualified individual with a disability" as that term is defined under the

PHRA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

92. Plaintiff was qualified to perform the job.

93. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

94. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

95. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

96. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

97. The purported reason for Defendant's decision is pretextual.

98. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

99. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

100. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – DISABILITY DISCRIMINATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

101. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

102. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

103. Plaintiff was qualified to perform the job.

104. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

105. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

106. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

107. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

108. The purported reason for Defendant's decision is pretextual.

109. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

110. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

111. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

112. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

113. Plaintiff is a member of protected classes in that she is Black.

114. Plaintiff was qualified to perform the job for which she was hired.

115. Plaintiff suffered adverse job actions, including, but not limited to termination.

116. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

117. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

118. Defendant discriminated against Plaintiff on the basis of race.

119. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

120. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

121. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RACE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

122. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

123. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race (Black).

124. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RACE DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

125. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

126. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race (Black).

127. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII - RELIGIOUS DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

128. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

129. Plaintiff is a member of a protected class in that she is Muslim.

130. Plaintiff was qualified to perform the job for which she was hired.

131. Plaintiff suffered adverse job actions, including, but not limited to termination.

132. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

133. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

134. Defendant discriminated against Plaintiff on the basis of religion.

135. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

136. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

137. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

138. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VIII - RELIGIOUS DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

139. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

140. Plaintiff is a member of a protected class in that she is Muslim.

141. Plaintiff was qualified to perform the job for which she was hired.

142. Plaintiff suffered adverse job actions, including, but not limited to termination.

143. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

144. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

145. Defendant discriminated against Plaintiff on the basis of religion.

146. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

147. The reasons cited by Defendant for the above cited adverse employment action that

Plaintiff suffered are pretext for discrimination.

148. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IX - RELIGIOUS DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

149. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

150. Plaintiff is a member of a protected class in that she is Muslim.

151. Plaintiff was qualified to perform the job for which she was hired.

152. Plaintiff suffered adverse job actions, including, but not limited to termination.

153. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

154. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

155. Defendant discriminated against Plaintiff on the basis of religion.

156. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

157. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

158. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT X – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

159. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

160. Plaintiff engaged in activity protected by the ADA.

161. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

162. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

163. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT XI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

164. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

165. Plaintiff engaged in activity protected by the PHRA.

166. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

167. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT XII – RETALIATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

168. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

169. Plaintiff engaged in activity protected by the PHRA.

170. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

171. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT XIII – RETALIATION
## THE FAMILY AND MEDICAL LEAVE ACT OF 1993

172. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

173. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

174. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for her own and her father's serious medical conditions.

175. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

176. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by terminating her employment.

177. Defendant's motivation for retaliating against Plaintiff was connected causally to

Plaintiff's FMLA leave.

178. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

179. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

180. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

181. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Jeneen Benton, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant's unlawful employment practices;

(b) Compensatory damages for, *inter alia*, mental anguish, humiliation, and emotional pain and suffering as well as any other expenses incurred by Plaintiff due to Defendant's unlawful employment practices;

(c) Punitive damages;

(d) Liquidated damages;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, Title VII, the PHRA, the PFPO and the FMLA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                                                                                                        **RESPECTFULLY SUBMITTED,**

                                                          **KOLLER LAW, LLC**

Date: August 5, 2025         **By:** */s/David M. Koller*
                                              David M. Koller, Esquire (Pa 90119)
                                              Jordan D. Santo, Esquire (Pa 320573)
                                              2043 Locust Street, Suite 1B
                                              Philadelphia, PA 19103
                                              215-545-8917
                                              davidk@kollerlawfirm.com
                                              jordans@kollerlawfirm.com

                                              *Counsel for Plaintiff*